# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL DOCKET NO.: 3:09CV25-V

| | |
|---|---|
| EDWARD H. BYERS,<br>    Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO, Secretary,<br>United States Department of<br>Homeland Security,[1]<br>    Defendant. | Memorandum and Order<br>Dismissing Retaliation Claim |

**THIS MATTER** is before the court on the motion of Defendant Janet Napolitano, Secretary of the United States Department of Homeland Security ("Homeland Security"), seeking to dismiss Count Two of Plaintiff Edward H. Byers' Complaint pursuant to Rule 12(b)(1), filed October 2, 2009. (Doc. 22) Also before the Court is Plaintiff's brief in opposition, filed October 14, 2009, and Defendant's reply. (Docs. 23, 24)

## I. FACTUAL BACKGROUND

Edward H. Byers ("Byers"), born in 1956, was hired in 2002 as a Federal Air Marshal ("Air Marshal"), a sub-unit of U.S. Transportation Security Administration ("TSA"), in the Charlotte Field Office. (Doc. 22 at 1). In 2006, Byers applied for a promotion, namely, a position as the Assistant to the Special Agent in Charge ("ATSAC") which is a ground-based position within the same office. (Doc. 22 at 1). On September 30, 2006, Byers learned that he had not

---

[1] The action was initially brought against Secretary Michael Chertoff, who has since been replaced by Janet Napolitano as the Secretary of the United States Department of Homeland Security.

been selected for the ATSAC position.[2] Byers filed a formal EEO Complaint on January 29, 2007[3] alleging that he had been discriminated against on the basis of age. (Doc. 22 at 2).

According to Byers, TSA also withheld travel reimbursement checks for job-related travel as a means of retaliating against him. Byers alleges this retaliation took place in November 2007—two months *before* he filed his formal EEO Complaint alleging age discrimination. (Compl. ¶2). Nonetheless, Byers did not include allegations of retaliation as a separate basis for his January 2007 EEO Complaint. (Doc. 22-1 at 4) In addition, Byers failed to pursue informal EEO counseling at any point in 2007 based upon the conduct he reportedly viewed as retaliatory.[4] (Doc. 22-1 at 8)

Byers raised the issue of retaliation for the first time within his Amended Complaint, filed on January 29, 2009. (Am. Compl. ¶D, 1 / Count 2). In Count Two, Byers states:

---

[2] The Government explains TSA's screening and selection process for the ATSAC position. (Def.'s Mem. In Supp. at 1-2). Byers met the minimum job requirements and was deemed "qualified" even though he was not chosen as one of the top five candidates recommended for further consideration by the ultimate hiring authority. According to the Government, Byers competed for the position with upwards of ninety-three other applicants. The Government represents that age was <u>not</u> a factor in the decision. Absent production of some concrete evidence of intentional discrimination, Byers will have significant difficulty in attempting to overcome TSA's legitimate, non-discriminatory justification for its employment decision.

[3] Byers actually filed the formal EEO Complaint twice. The first was dated January 21, 2007. The information in both is the same. Defendant submits the second was filed because Plaintiff had not yet received the "right to sue" letter and submitted the second complaint after receipt of that letter.

[4] It appears from the record that approximately two years later, Byers sought informal EEO counseling for retaliatory conduct by TSA in a separate EEO matter. (Pl.'s Brf. In Opp'n Exh. 5) As the Government correctly points out, Plaintiff's exhibit dated September 3, 2009, which notifies Plaintiff that he may elect to file a formal EEO Complaint for retaliation, is identified as TSA Case No.: HS-09-TSA-007145. The Government asserts in its reply brief that there is no action pending before this Court involving TSA Case No.: HS-09-TSA-007145. (This civil action stems from TSA Case No.: HS-07-TSA-000931.)

> On or about November of 2006, the FAMS, a sub-unit of the TSA, did retaliate against my decision to file a complaint with the TSA Office of Civil Rights by withholding payments from travel vouchers for expenses incurred while on official duty, using the official-issued credit card, for a longer period of time than vouchers submitted before the filing of said Office of Civil Rights complaint. No other employee is known to have experienced such reimbursement / payment delays. The FAMS Charlotte Field Office, in Charlotte, Mecklenburg County, North Carolina, in the Western District of North Carolina, did then threaten all employees, including me, with disciplinary action if card payments were not made in a timely manner, all in violation of the Age Discrimination in Employment Act of 1967 as amended 29 U.S.C. section 621 and section 633a(a) and other applicable federal laws.

Byers failed to notify the EEOC of his intent to sue for retaliation in advance of January 29, 2009. (Doc. 22 at 3). Byers now alleges that Homeland Security discriminated against him on the basis of age by hiring a younger, less-qualified applicant for promotion in Vacancy Announcement FAMS-ALL006-0030 in Charlotte, North Carolina. (Am. Compl. 3). The statutory 180-day time period for complaining of retaliatory conduct occurring in 2007 has long since expired. *See* 29 U.S.C. §633a(d); 29 C.F.R. §1614.201(a).

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. *See* Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue,

and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, 945 F.2d at 768; Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

Dismissal for lack of subject matter jurisdiction may also be appropriate when the plaintiff has failed to exhaust administrative procedures that have been established, typically by statute, as a prerequisite to his bringing suit. *See e.g.,* Shipley v. U.S. Postal Serv., 286 F.Supp.2d 657, 660 (M.D.N.C.2008) ("The [FTCA] requires that before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination.") (*quoting* Ahmed v. United States, 30 F.3d 514, 516 (4th Cir.1994)).

The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Richmond, 945 F.2d at 768; see also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III.  DISCUSSION

The federal-sector provision of the ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a) (2000 ed., Supp. V). Gomez-Perez v. Potter, 128 S.Ct. 1931, 1936 (2008). Retaliation is, by definition, an intentional act. It is a form of 'discrimination' because the complainant is being subjected to different treatment. Id. We interpret the ADEA federal-sector provision's prohibition of "discrimination based on age" as likewise proscribing retaliation. Id. at 1937.

In this case, Plaintiff's claim for retaliation set forth in Count Two of the Complaint is barred because the Court lacks subject matter jurisdiction. 1) Plaintiff Byers has failed to exhaust his administrative remedies; and 2) the federal court does not have ancillary jurisdiction over the ADEA retaliation claim.

**A.    Plaintiff Failed To Exhaust Administrative Remedies Or Notice The EEOC Of His Intent To Sue For Retaliation**

A federal employee may proceed with a claim for discrimination or retaliation under the Age Discrimination Employment Act ("ADEA") in one of two ways: 1) by filing a complaint with the EEOC and commencing suit following its determination; or 2) by filing a suit in federal court after giving the EEOC thirty (30) days notice of intent to sue. *See* 29 U.S.C. §§ 633a(b) - (d) (2006); 29 C.F.R. §1614.201 (a) (2009); Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991); Miller v. United States, 813 F.2d 402, 1986 WL 16231, at *2 (4th Cir. 1986) (*unpublished*) (applying the procedural requirements in §§ 633 a(c) and (d) to ADEA retaliation claims).

Generally, "[t]he scope of a plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones, 551 F.3d at 299 (*citing* Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir.2002)).  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 551 F.3d at 299 (*quoting* Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.1996)).  As a result, "a claim in formal litigation will generally be barred if the [EEO Complaint] alleges

In this case, Plaintiff's claim for retaliation set forth in Count Two of the Complaint is barred because the Court lacks subject matter jurisdiction. 1) Plaintiff Byers has failed to exhaust his administrative remedies; and 2) the federal court does not have ancillary jurisdiction over the ADEA retaliation claim.

**A.    Plaintiff Failed To Exhaust Administrative Remedies Or Notice The EEOC Of His Intent To Sue For Retaliation**

A federal employee may proceed with a claim for discrimination or retaliation under the Age Discrimination Employment Act ("ADEA") in one of two ways: 1) by filing a complaint with the EEOC and commencing suit following its determination; or 2) by filing a suit in federal court after giving the EEOC thirty (30) days notice of intent to sue. *See* 29 U.S.C. §§ 633a(b) - (d) (2006); 29 C.F.R. §1614.201 (a) (2009); Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991); Miller v. United States, 813 F.2d 402, 1986 WL 16231, at *2 (4th Cir. 1986) (*unpublished*) (applying the procedural requirements in §§ 633 a(c) and (d) to ADEA retaliation claims).

Generally, "[t]he scope of a plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones, 551 F.3d at 299 (*citing* Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir.2002)).  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 551 F.3d at 299 (*quoting* Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.1996)).  As a result, "a claim in formal litigation will generally be barred if the [EEO Complaint] alleges

discrimination on one basis ... and the formal litigation claim alleges discrimination on a separate basis ....  Id. (*citing* Evans, 80 F.3d at 963; Bryant,288 F.3d at 132-33).

In this case, Plaintiff Byers alleges that the discriminatory acts occurred on or about July of 2006, that he "filed charges with the EEOC on or about October 13, 2006," that "the discriminatory acts that are the basis of this suit are a failure to promote [Byers], instead promoting a lesser qualified, younger male," and that "defendant's conduct is discriminatory with respect to [Byers'] age."[5]  (Am. Compl. ¶¶C, 2-6)

Byers then asserted that retaliation took place in November 2006, yet Byers failed to include retaliation as a basis in the EEO Complaint filed months later (on January 22, 2007). Similarly, Plaintiff failed to raise the issue during the investigative stage, and did not make any effort to amend his EEO Complaint to include retaliation. Thus, Plaintiff failed to exhaust administrative remedies with respect to this claim.

Byers also failed to satisfy the alternative to exhaustion of administrative remedies, namely, providing notice to the EEOC of his intent to sue based upon a retaliation theory within 180 days after the alleged discriminatory incident occurred.  *See* 29 U.S.C. §633a(d).[6]  Since the

---

[5] Defendant concedes Byers exhausted administrative remedies with respect to his age discrimination claim and does not seek to dismiss that aspect of Byers' cause of action.  (Answer, Sixth Defense ¶1)

[6] Section 633a(d) reads:

> When the individual has *not* filed a complaint concerning age discrimination with the Commission, ***no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action***. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice.

Plaintiff did not notify the EEOC of his intent to sue for retaliation at least thirty (30) days in advance of commencing litigation in this federal district court on January 29, 2009, the court lacks subject matter jurisdiction over his retaliation claim.

**B.      This Court Does Not Have Ancillary Jurisdiction Over the ADEA Retaliation Claim**

Dismissal is also proper because his Court does not have ancillary jurisdiction over the retaliation claim. Defendant contends that the Fourth Circuit has adopted ancillary jurisdiction with respect to Title VII retaliation claims.[7] *See* Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992); *see also* Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir.2009) (Nealon was not overruled by Supreme Court's decision in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).   Defendant's reliance on Nealon is misplaced.  The court in Nealon held that a Title VII retaliation complaint need not be filed at the administrative level where the alleged retaliatory act occurs ***after*** the Plaintiff files a first EEO Complaint alleging Title VII discrimination. As the Fourth Circuit noted:

> [H]aving once been retaliated against for filing an administrative charge, the plaintiff will naturally be gun shy about inviting further retaliation by filing a second charge complaint about the first retaliation….[W]e [therefore] join the other circuits that have spoken to the question in adopting the rule that a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge.

Nealon, 958 F.2d at 950 (*citation omitted*). In the present case, Byers alleges that the retaliatory acts occurred in November 2006, two full months ***before*** Byers filed his first EEO Complaint in January 2007. Therefore, the reasoning employed by the Nealon panel does not preclude dismissal for lack of subject matter jurisdiction.  *See e.g.*, Cumberlander v. KCL Site Servs.,

---

[7] The Fourth Circuit has never opined that the same rule of law applies with respect to ADEA retaliation claims.

LLC, 2009 WL 4927144, *3 (E.D.Va. 2009) (Nealon rule permitting retaliation claim to be raised for first time in federal court does not apply where retaliation allegedly occurred prior to submission of EEOC charge and plaintiff could have alleged retaliation in the charge of discrimination but failed to do so).

## IV. ORDER

**WHEREFORE**, for the foregoing reasons, Homeland Security's Motion to Dismiss Count Two of Byers' Complaint is hereby **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Signed: November 18, 2010

Richard L. Voorhees
United States District Judge